IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| JUAN M. NIMMONS, | § § § | |
| Plaintiff, | § § | |
| v. | § § | 1:24-CV-56-DII |
| FORT HOOD ARMY BASE, | § § | |
| Defendant. | § § | |

**ORDER**

Before the Court is Defendant Fort Hood Army Base's ("Fort Cavazos" or "Defendant")[1] motion to dismiss, filed on July 1, 2024. (Dkt. 17). On July 24, 2024, the Court issued an order, ordering Plaintiff Juan M. Nimmons ("Plaintiff") to file a response to Defendant's motion to dismiss on or before August 14, 2024. (Order, Dkt. 20). To date, however, Plaintiff has not filed a response in opposition to the motion to dismiss.

The Local Rules of the United States District Court for the Western District Court of Texas stipulate that responses to non-discovery or case management motions shall be filed no later than 14 days after the filing of the motions. W.D. Tex. Loc. R. CV-7(d)(2). "If there is no response filed within the time period prescribed by this rule, the court may grant the motion as unopposed." *Id.* Therefore, the Local Rules authorize this Court to grant the motion to dismiss as unopposed. Out of an abundance of caution, the Court analyzes the motion on its merits, treating the facts alleged by Defendant as unopposed. Having considered the motion, the applicable law, and the record, the Court finds Defendant's motion should be granted.

---

[1] Fort Hood was officially redesignated Fort Cavazos on May 9, 2023.

1

## I. BACKGROUND

Plaintiff, proceeding *pro se*, brings a single tort claim against Defendant due to an alleged exposure to a toxic chemical that occurred while he was in the military. (Compl., Dkt. 4-1). According to his complaint, Plaintiff entered the military on August 26, 1980 and was stationed at Fort Cavazos between 1983 and 1984. Plaintiff alleges that he "recently found out" that he was exposed to a toxic chemical, PFAS, and he contends that this chemical was in drinking water that he ingested. Nimmons further alleges that he developed abnormally high cholesterol and an irregular heartbeat around January 1985. Plaintiff seeks "One Hundred Million Dollars $ 100,00.00" for mental anguish, emotional distress, and pain and suffering. (*Id.*). Plaintiff initiated this case by filing his complaint on October 13, 2023 in the 169th District Court, Bell County, Texas. (*Id.*). On January 17, 2024, Defendant removed the complaint to this Court under 28 U.S.C. § 1442(a)(1), which allows for removal of civil actions commenced in state court against an agency or officer of the United States. (Not. Removal, Dkt. 1). Defendant now moves to dismiss Plaintiff's complaint for lack of subject matter jurisdiction. (Dkt. 17).[2]

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(1) allows a party to assert lack of subject-matter jurisdiction as a defense to suit. Fed. R. Civ. P. 12(b)(1). Federal district courts are courts of limited jurisdiction and may only exercise such jurisdiction as is expressly conferred by the Constitution and federal statutes. *Kokkonen v. Guardian Life Ins. of Am.*, 511 U.S. 375, 377 (1994). A federal court properly dismisses a case for lack of subject matter jurisdiction when it lacks the statutory or constitutional power to adjudicate the case. *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143

---

[2] Plaintiff has filed another civil case against Defendant that has also been removed to this Court. *See Nimmons v. Fort Hood Army Base*, 1:24-cv-00055-DII (removed Jan. 17, 2024). This case has had a similar procedural history, and Defendant has also moved to dismiss that case on similar grounds. Accordingly, on this date, the Court issues a similar order in that case.

F.3d 1006, 1010 (5th Cir. 1998). "The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). "Accordingly, the plaintiff constantly bears the burden of proof that jurisdiction does in fact exist." *Id.* In ruling on a Rule 12(b)(1) motion, the court may consider any one of the following: (1) the complaint alone; (2) the complaint plus undisputed facts evidenced in the record; or (3) the complaint, undisputed facts, and the court's resolution of disputed facts. *Lane v. Halliburton*, 529 F.3d 548, 557 (5th Cir. 2008).

"[W]hether the United States has waived sovereign immunity pursuant to the [Federal Tort Claims Act] goes to the court's subject-matter jurisdiction, . . . and may therefore be resolved on a Rule 12(b)(1) motion to dismiss." *Willoughby v. United States ex. rel U.S. Dep't of the Army*, 730 F.3d 476, 479 (5th Cir. 2013) (citations omitted). "It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite to jurisdiction." *United States v. Mitchell*, 463 U.S. 206, 212 (1983). "Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994). "Courts must strictly construe all waivers of the federal government's sovereign immunity, and must resolve all ambiguities in favor of the sovereign." *Linkous v. United States*, 142 F.3d 271, 275 (5th Cir. 1998). "[P]laintiffs bear the burden of showing Congress's unequivocal waiver of sovereign immunity." *Spotts v. United States*, 613 F.3d 559, 568 (5th Cir. 2010).

### III. DISCUSSION

Defendant argues that this Court lacks jurisdiction over Plaintiff's complaint for two reasons. First, Defendant contends that Plaintiff has failed to show a waiver of sovereign immunity under the Federal Tort Claims Act ("FTCA"). Second, Defendant asserts that this case should be

dismissed under the derivative jurisdiction doctrine. (Mot. Dismiss, Dkt. 17, at 3). The Court agrees that this case should be dismissed because sovereign immunity bars Plaintiff's claim.[3]

The FTCA is a "limited waiver of sovereign immunity." *Leleux v. United States*, 178 F.3d 750, 754 (5th Cir. 1999). "The FTCA provides the 'exclusive' remedy for tort claims against the federal government and its employees." *Broussard v. United States*, 52 F.4th 227, 229 (5th Cir. 2022). The FTCA waives immunity for money damages claims against the United States for "injury or loss of property" "caused by the negligent or wrongful act or omission" of any Government employee "while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable under the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1). Plaintiff must plausibly allege all six FTCA elements to establish jurisdiction. *See Brownback v. King*, 592 U.S. 209, 217–18 (2021).

Here, Plaintiff has not alleged sufficient facts to benefit from the FTCA's limited waiver of sovereign immunity. Accordingly, there are several reasons why Plaintiff's complaint must be dismissed for lack of subject matter jurisdiction because his claim is barred under the FTCA.

First, Plaintiff has not pled that he has exhausted his tort claim by first presenting it to the appropriate federal agency. To benefit from the FTCA's limited waiver of sovereign immunity, Plaintiff "must first present the claim to the appropriate Federal agency." *Barber v. United States*, 642 F. App'x 411, 413 (5th Cir. 2016) (cleaned up). The FTCA provides: "An action shall not be instituted . . . unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing." 28 U.S.C. § 2675(a). A "valid [FTCA] notice requires a writing that informs the agency of the facts of the incident and the amount of the claim." *Montoya v. United States*, 841 F.2d 102, 104–05 (5th Cir. 1988). Administrative

---

[3] Because the Court grants Defendant's motion to dismiss on sovereign immunity grounds, the Court does not address Defendant's arguments under the derivative jurisdiction doctrine.

4

presentment is a "jurisdictional prerequisite" for an FTCA claim. *Barber*, 642 F. App'x at 413 (citing *Cook v. United States*, 978 F.2d 164, 165–66 (5th Cir. 1992)). "[B]ecause presentment is a 'condition[ ] upon which the government consents to be sued' under the FTCA's waiver of sovereign immunity, it 'must be strictly construed in favor of the United States.'" *Id.* (quoting *Atorie Air, Inc. v. Fed. Aviation Admin.*, 942 F.2d 954, 958 (5th Cir. 1991)). In his complaint, Plaintiff does not allege that he first presented his administrative claim to the appropriate federal agency, or contend that he otherwise exhausted his administrative remedies. (*See generally* Compl., Dkt. 4-1). Further, Defendant provides a declaration stating that the Army has conducted a thorough search of available records and found that no administrative claim was filed by Plaintiff under the FTCA or other related tort claims statutes. (*See* Green Decl., Dkt. 17–1). Accordingly, Plaintiff has not satisfied the FTCA's requirement that he first present his tort claim to the appropriate federal agency.

Second, Plaintiff's claim is barred by the FTCA's statute of limitations. FTCA claims are subject to a two-year limitations period: "A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues." 28 U.S.C. § 2401(b). "Under federal law, a claim accrues and 'the limitations period begins to run the moment the plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured.'" *Spotts*, 613 F.3d at 574 (quoting *Piotrowski v. City of Houston*, 237 F.3d 567, 576 (5th Cir. 2001)). Moreover, "every civil action commenced against the United States shall be barred unless the complaint is filed within six years after the right of action first accrues." 28 U.S.C. § 2401(a). Here, Plaintiff alleges that he "recently found out" that he was exposed to PFAS between 1983 and 1984, and that his exposure led to health issues that he experienced in January 1985. (Compl., Dkt. 4-1). Plaintiff, however, does not specifically allege when he discovered that he was exposed to PFAS. Accordingly, Plaintiff has not shown that his claim is

5

within the FTCA's two-year limitations period, or the six-year limitations period for civil actions against the United States.

Last, Plaintiff has improperly named Fort Cavazos as the defendant for this suit. "It is beyond dispute that the United States, and not the responsible agency or employee, is the proper party defendant in a Federal Tort Claims Act suit." *Galvin v. Occupational Safety & Health Admin.*, 860 F.2d 181, 183 (5th Cir. 1988); *see also McGuire v. Turnbo*, 137 F.3d 321, 324 (5th Cir. 1998) ("To sue successfully under the FTCA, a plaintiff must name the United States as the sole defendant."); 28 U.S.C. § 2679. Thus, "an FTCA claim against a federal agency or employee as opposed to the United States itself must be dismissed for want of jurisdiction." *Id.*; *see also D'Arcy v. Olin E. Teague Veterans' Med. Ctr.*, No. 6:18-CV-00361-ADA-JCM, 2019 WL 10303647, at *3 (W.D. Tex. Apr. 8, 2019) (granting motion to dismiss under Rule 12(b)(1) and dismissing claims against Department of Veterans Affairs medical center because Plaintiff failed to assert tort claims against the United States). Here, Plaintiff asserts his sole tort claim against Fort Cavazos for the alleged exposure to PFAS while serving in the U.S. Army. (Compl., Dkt. 4-1). However, because the only proper defendant under the FTCA is the United States, Plaintiff's claim must be dismissed for want of jurisdiction.

## IV. CONCLUSION

For the reasons given above, **IT IS ORDERED** that Defendant's motion to dismiss, (Dkt. 17), is **GRANTED**. Plaintiff's claim against Defendant is **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

The Court will enter final judgment by separate order.

**SIGNED** on October 18, 2024.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE